## PROCEEDINGS FOR WIDENING, DEEPENING AND STRAIGTENING A DITCH.

Circuit Court of Wood County.

WOOD COUNTY COMMISSIONERS v. THOMAS SHINNEW ET AL.

Decided, April 27, 1907.

*Drains and Ditches—Scope of Inquiry on Appeal in a Ditch Case— View by the Jury—Discretion of Court with Reference to—Charge of Court—Effect of Judge Entering Jury Room to Give Further Instructions—Sufficiency of Evidence as to Outlet of Ditch—Testimony of Landowners—Error—Sections 4447 and 4448.*

1. The inquiry as to the sufficiency of the outlet of a drainage ditch is involved in an appeal from a finding in a proposed ditch improvement proceeding, on the ground that the proposed improvement was not conducive to the public health, convenience and welfare.

2. It is not error for a probate court to refuse to send the jury in a ditch improvement proceeding back for a second view of the proposed outlet, though opposing landowners were not satisfied with the first view.

3. In proceedings before the probate court in a ditch case, where the jury after retiring asked for further instructions, and the trial judge entered the jury room with counsel for both parties and delivered the instructions asked for without objection from either party, such action by the judge can not be successfully attacked in a reviewing court on the ground that it amounted to error or misconduct prejudicial to the rights of either party.

4. In a proceeding before the probate court for the improvement of a ditch, opposed by landowners on the ground of the insufficiency of the outlet, the jury having viewed the entire ditch and the outlet and having heard the evidence introduced at the trial is in a better position to say whether or not the outlet is sufficient than a reviewing court having before it only a transcript of the evidence produced at the trial, and the finding of the jury will not

be disturbed when not manifestly opposed to the evidence appearing in the record.

PARKER, J.; HAYNES, J., and WILDMAN, J., concur.

This case arises out of a proceeding instituted before the county commissioners for the widening, deepening and straightening of a certain ditch having its outlet in the Portage river.    The improvement was ordered by the county commissioners, and an appeal was taken by Shinnew and others to the probate court on the ground that the contemplated improvement was not necessary or conducive to the public health, convenience and welfare.    In the probate court the jury found against the appellants, who carried the case to the court of common pleas on error, and the court of common pleas reversed the judgment of the probate court, and thereupon error was prosecuted in this court to obtain a reversal of the judgment of the court of common pleas.    The petition in error here recites the judgment in the court of common pleas, with some details preliminary thereto, and alleges as errors—

1.    That the court of common pleas erred in its finding that the probate court should have granted a new trial in said cause.

2.    Said common pleas court erred in its finding that the probate court was in error in refusing to send the jury in said cause to view the outlet of the proposed ditch improvement.

3.    Said common pleas court erred in its finding that the probate court was in error in its charge to the jury.

4.    Said common pleas court erred in remanding said cause to the probate court for a new trial.

5.    Said common pleas court erred in not affirming the judgment of the probate court.

6.    Said common pleas court erred in its findings and judgments for the plaintiffs in error, when they should have been given for the defendants in error; and for other errors manifest on the face of the record.

It becomes essential to ascertain, by an examination of the petition in error filed in the common pleas court, just the grounds upon which that court was authorized to take action, and the ground upon which the judgment of reversal must be assumed to be based.

I find that the grounds of alleged error asserted in the petition filed in the court of common pleas are three:

1.   That the probate court erred in overruling the motion for a new trial.

2.   That the court erred in rendering judgment for the defendants in error when it should have been given for the plaintiffs in error.

3.   Said court erred in entering the jury room after the case had been submitted to the jury, and while the jury were deliberating thereon and communicated with the jury in the absence of said parties or their attorneys; and for other errors apparent upon an inspection of the record.

To dispose at the outset of some matters comparatively simple and easy of disposal, I will say as to this third assignment of error in the court of common pleas, that the fact referred to is disclosed by an agreed statement appended to the bill of exceptions taken in the probate court, which recites substantially that after the jury had retired for deliberation they asked the court for further instructions, whereupon the judge entered the jury room, closed the door and held some communication with the jury, and then reported to counsel that the jury wanted further instructions, and that he then said to them that he had given to them all the instruction upon the law which he was able to give, and that he had nothing more to say in addition to the charge which he had given them. Counsel suggested to the court that he ascertain upon what points the jury desired instructions, whereupon the court and attorneys for the plaintiffs and defendant entered the jury room and the court inquired of the jury upon what points they desired instructions. The jury then, through its foreman, said to the court that they were unable to determine whether they were to find the outlet for the ditch in question to be sufficient when the water was low in the bed of the river or when it was at high water, and the court thereupon instructed the jury that for the purpose of determining whether there was a sufficient outlet the jury was not to consider the river at extreme low water nor at extreme high water, whereupon one of the jurymen said to the court, "That means we should take it at its normal condition," to which the court replied, "No,

that is not what I meant, you are to take the Portage river as it is under all conditions, and determine whether or not it will afford a good and sufficient outlet for the proposed improvement. The river should be taken when under ordinary conditions." Whereupon the court and counsel retired, and the jury returned its verdict in favor of the defendant.

No specific reference to this incident is made in the motion in the probate court for a new trial; there is no claim of misconduct on the part of the court in entering the jury room, and from the statement which I have read it does not appear that any exception was taken at the time to the action of the court. In addition to these reasons for disregarding it, it might be said that we see nothing in the entire transaction that could be prejudicial to the defendant in error. The court had some communication with the jury. The agreed statement of counsel is that the jury wanted further instruction, and he said he had given them all the instructions upon the law which he was able to give and that he had nothing more to say in addition to the charge delivered. Assuredly there was nothing in all that hurtful to the parties complaining, and as to all of the remaining transaction recited in this agreed statement, counsel were present, representing both parties, and the court instructed the jury in their presence in answer to the inquiries of the jury as to the rule which should govern them, and no exception was taken to such instruction at the time, and exceptions taken to the charge previously given could not apply to the instructions given at this stage of the trial. We think then that the correctness or incorrectness of the conclusion arrived at by the court of common pleas should be determined by an examination of other grounds in the petition in error filed in the court of common pleas, to-wit: that the court below erred in overruling the motion for a new trial; second, in rendering judgment for the defendants in error, that is, for the board of county commissioners, when it should have been rendered for the plaintiffs in error, Mr. Shinnew and others.

At the outset of our examination of the proceedings of the probate court to ascertain whether or not the court of common pleas was justified in the reversal of the judgment of the pro-

bate court, we are met with the inquiry as to just what was pending in the probate court—what was appealed to that court from the decision of the county commissioners.

The statute provides in substance that the appeal is to be taken upon specific grounds which must be set up in the proceeding for the appeal, and in the case at bar but one ground was stated, to-wit:  That the proposed improvement was not necessary or conducive to the public health, convenience or welfare.  This, then, was the only matter pending in the probate court, and the question involved in the appeal so limited was the only question for the jury, impanneled in the probate court, to consider.  Closely connected with this question is another, which has been dwelt upon in argument and is the principal question in controversy here, and that is as to whether the Portage river affords a sufficient outlet for the improvement contemplated by these proceedings.  Revised Statutes 4447, provides for various kinds of improvements, including the kind defined in the petition before us, i. e., for improvements by the location and construction, or by the straightening, widening, altering, boxing or tiling of a ditch or water-course.  In the case at bar we have a proceeding merely for the widening, deepening and straightening of what seems to have been a previously established ditch or water-course.  Revised Statutes 4448, contains the provision that the word "ditch" shall be held to include a drain or watercourse, and the petition for it shall be held to include any side, lateral, spur or branch ditch, drain or water-course necessary to secure the object of the improvement, whether the same is mentioned therein or not, "but no improvement shall be located unless a sufficient outlet is provided"; and upon the construction of this qualifying clause and its application to the facts of this case rests, the determination of the present controversy.

In the first place it is contended that the sufficiency of the outlet was not a matter involved in the appeal to the probate court.  It is said that whether or not the improvement is conducive to the public health, convenience or welfare, is not to be determined by the question whether the outlet is sufficient. Our judgment is, however, that these matters are so intimately interwoven or so closely connected that we can hardly dis-

associate the one from the other. It would hardly be conducive to the public health, convenience or welfare to deepen, widen or straighten a ditch unless it would perform its proper function, that is, carry off the water, and to enable it to do that a sufficient outlet must be found or provided. Without further discussion on this branch of our inquiry, it is sufficient to say that we think that an appeal upon the ground that the contemplated improvement was not conducive to the public health, convenience or welfare properly involved the inquiry as to the sufficiency of the outlet as a part of the general inquiry as to the character of the improvement.

In the journal entry of the court of common pleas reversing the action of the court below, is stated the supposed errors on which the reversal was based. They are these: That the probate court erred in overruling the motion of plaintiff asking the court to direct the jury to view the outlet of the ditch in question below the bridge near the lower terminus of said ditch and along the Portage river to ascertain whether or not the water would back up in the proposed ditch; erred in giving in charge to the jury the last sentence of the request of the defendants to charge the jury, which request is marked No. 1; and also erred in overruling the motion of the plaintiffs in error for a new trial of the cause.

We have examined with care the bill of exceptions taken in the probate court, and are unanimously of the opinion that no error was committed by that court in its refusal to send the jurors back for another view, or a more extended view, of the proposed outlet for the ditch. It seems that the jury having been previously instructed by the court, visited the line of the proposed ditch improvement and stationing themselves at first upon a bridge, obtained a view for some distance along the Portage river, the proposed outlet, and that they viewed the entire route of the ditch itself. Counsel for the landowners opposing the improvement were not satisfied with this view, and asked the court to send the jury back for another; this the court declined to do, and exception was taken, and for that action the common pleas court, as one of the grounds, reversed the judgment of the court below.

This was doubtless a matter somewhat in the discretion of the probate court. It probably would have been within the power of the probate court, if not satisfied that the jurors had made a sufficient view to apprise themselves of all the conditions, to send them back for another view; but we see nothing in the statute and nothing in the circumstances of this case that made it error for the probate court to refuse so to do.

The court of common pleas based its action also upon a claim of error in the charge to the jury, i. e., the last sentence of the request of the defendants marked No. 1. I will read the entire request:

"In arriving at your verdict, you should not only consider what the witnesses have testified to, but you will also consider the facts appearing to you from the view you had of the premises along the line of the ditch, and if from the testimony adduced and your observation along the line of the proposed ditch you should find that the ditch as a whole is conducive to the public health, convenience or welfare of the neighborhood through which it passes, and that it has a sufficient outlet, you will find for the ditch improvement. The fact that a large number of landowners in the vicinity in which the ditch is located are opposed to such ditch should have no bearing or weight with you in determining the question before you."

It is not seriously contended that the opposition of any number of landowners to the improvement should have been considered by the jury in arriving at their verdict, but the contention of counsel is, as I understand it, that the tendency of this instruction was to mislead the jury into a disregard of the testimony of the landowners as to the facts which were proper to be received for the enlightenment of the jury. We hardly think, however, that this would be a natural result of this instruction. The court had immediately before, as a part of the same request, instructed the jury that they should consider what the witnesses had testified to; not the witnesses for one side or witnesses for the other, but all the witnesses; and surely intelligent jurors could not assume that the court was intending that they should disregard the testimony of some of the witnesses because they were landowners along the line of this ditch.

Taking the instructions of the court as a whole in connection with this instruction, we think that it is not probable that the jury was misled by this clause of this sentence, and our judgment is, that the court of common pleas erred in holding that there was error on the part of the probate court in giving this instruction.

The court of common pleas held that the probate court erred in overruling the motion of the plaintiffs for a new trial of said cause. We are not advised as to the precise ground on which the court of common pleas so held. It may have been one of the two grounds which this court has considered and reviewed, or it may have been the conclusion of the court of common pleas that the finding of the jury in the probate court was not warranted by the evidence; and assuming that this may have been the ground of the conclusion of the court of common pleas, it is proper that we consider for a moment whether such a conclusion of that court, if it was in fact arrived at, was justified.

There is evidence, *pro* and *con*, as to the sufficiency of the Portage river as an outlet for this proposed improvement. It is a matter of some doubt whether Revised Statutes 4448, providing that no improvement shall be located unless a sufficient outlet is provided, has application at all to the improvement of old ditches. We are not quite clear as to whether the words "widen, deepen, straighten," etc., were intentionally omitted from this section. They are used in Revised Statutes 4447, and it is possible that the Legislature had it in mind that only one finding of an outlet for a ditch established by the county commissioners would be necessary and that when a sufficient outlet had once been obtained, the ditch then located and established might thereafter be improved, preserving the same outlet for the escape of its waters. We do not care, however, to more than suggest a query as to the tenability of this construction of Revised Statutes 4448. It is plain enough that the deepening and widening of a ditch might thereby cause more water to go into the outlet than the ditch carried in the form of its original construction, and that fact might have some tendency to sustain the contention of counsel for the opposing landowners here that Revised Statutes 4448 requires a finding of a sufficiency of out-

let for every kind of improvement to a ditch already established, as well as upon the original location of a ditch. The statute provides for a view of the ditch by the jurors, and by two decisions of our Supreme Court it has been held that the view so obtained by the jurors is to be treated as evidence; in other words, that they may use for the purpose of aiding them in their inquiry all the light which they obtain from their personal examination of the ditch. It has been held under other statutes as to views by jurors, that the view is to be treated only as a means of applying evidence and not as evidence in itself. The cases referred to are *Williams* v. *Lockoman*, 46 Ohio St., 416, the syllabus of which is:

"On an appeal to the probate court from the order and finding of a joint board of county commissioners, determining that a proposed ditch is necessary, and will be conducive to the public health, convenience and welfare, the jury, in examining and determining the matter appealed from, may, under Section 4467, of the Revised Statutes, considered in evidence facts made known to them personally from an actual view of the premises."

And in the case of *Lake Erie & W. Ry.* v. *Hancock County*, 63 Ohio St., 23, Judge Williams on page 28 cites the case of *Williams* v. *Lockoman*, *supra*, adding that the jury were entitled to consider, as evidence on this subject, facts brought to their knowledge from their actual view of the premises.

Neither this court, nor the common pleas court, has had the advantage of a view of the premises in controversy. The jurors had this that was valuable aid for and means of determining the issue between the parties, not afforded to either of these courts of review. If the evidence, irrespective of the facts placed before it by the view, was manifestly inconsistent with the conclusion at which the jury arrived, it might be proper for a reviewing court to reverse the finding of the jury, but we can not, from an examination of the evidence here, arrive at that conclusion. It is entirely possible that the jury standing upon the bridge and overlooking the river, seeing the height of the bank, the width of the river, knowing the size of the ditch, knowing the extent of the proposed widening and deepening thereof, may have been enabled to form a judgment even more

intelligent and more satisfactory that that which could be arrived at by listening to the opinions of any number of witnesses; and we conclude that the court of common pleas, under all the circumstances and in view of the manifest conflict of testimony of the witnesses who were sworn and had testified, was not justified in setting aside the verdict that the jury arrived at by both testimony and view, upon the ground that it was not supported by the evidence.

There was testimony that the outlet was sufficient. It may be apparent that at some times the Portage river overflows its banks, does not at all times carry off all the water which is discharged into it by streams, drains, ditches and other watercourses, and still we hardly think that that circumstance alone is a sufficient reason for holding that the outlet is insufficient. If at times it overflows its banks, it does no more than the Mississippi river or the river Nile, and yet it can hardly be said that those mammoth water-courses are not sufficient outlets in which to discharge the waters deposited upon the adjacent country constituting their valleys by rainfall or otherwise.

It is our judgment that the common pleas court was not justified in reversing the probate court upon any of the grounds stated in the journal entry, and we think that the petition in error to this court should be sustained upon each of the six grounds specified. Some of those are perhaps merely formal and are but restatements of others.

The judgment of the court of common pleas will be reversed, the judgment of the probate court will be affirmed, and a mandate sent to the probate court for further proceedings in conformity to the law.

*J. E. Ladd* and *E. G. McClelland*, for plaintiffs in error.
*Baldwin & Harrington*, contra.